was eligible for asylum, withholding of removal, or relief under the CAT or whether "[s]he could have made a strong showing" in support of those claims in the absence of the alleged due process violations. *Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997). By failing to brief the relevant criteria for establishing substantial prejudice, *see id.* she has forfeited her due process claims, *see United States v. Williams*, 400 F.3d 277, 283 (5th Cir. 2005).

The petition for review is DENIED.

**UNITED STATES of America, Plaintiff-Appellee**

v.

**Jeremy Lee MARTINEZ, also known as Jeremy Martinez, Defendant-Appellant**

**United States of America, Plaintiff-Appellee**

v.

**Jeremy Lee Martinez, Defendant-Appellant**

No. 15-50930
c/w No. 15-50931
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed February 14, 2017

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, Amy Marie Hail, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, Del Rio, TX, for Plaintiff-Appellee

Mark Glendon Parenti, Parenti Law, P.L.L.C., Houston, TX, for Defendant-Appellant

Jeremy Lee Martinez, Pro Se

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM: * ·

Jeremy Lee Martinez appeals the consecutive 10-month and 14-month sentences he received upon revocation of his terms of supervised release. For the first time on appeal, he contends that his sentences are procedurally and substantively unreasonable. We review these newly raised arguments for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). To establish plain error, Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 135, 129 S.Ct. 1423.

Martinez raises two issues that he acknowledges are foreclosed by our precedent, but presents them in order to pre-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.